IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JESSE CARL TOOMER**                                                     **PLAINTIFF**

**v.**                                                  **CIVIL NO. 1:19-cv-00741-HSO-JCG**

**AMANDA HARRIS** *Nurse*,                                        **DEFENDANT**
**JACKLYN MYERS** *Nurse*, **and**
**STEPHEN L. CALDWELL** *Deputy*

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the Amended Complaint [10] filed pro se by Plaintiff Jesse Carl Toomer, who at the time he filed suit was a pretrial detainee at the Jackson County Adult Detention Center in Jackson County, Mississippi. Defendant Deputy Stephen L. Caldwell, who is sued in his individual capacity only, has filed a Motion to Dismiss [23] under Rule 12(b)(6) of the Federal Rules of Civil Procedure, asserting that Plaintiff's claims against him must be dismissed for failure to state a constitutional violation as to any federal claim and immunity as to any state law claim. Plaintiff has been released from custody since he filed suit and has not responded to Deputy Caldwell's Motion to Dismiss, despite being ordered to do so. Having considered the submissions of the parties, the record, and applicable law, the undersigned recommends that Deputy Caldwell's Motion to Dismiss be granted and Plaintiff's claims against Deputy Caldwell be dismissed with prejudice.

## BACKGROUND

Plaintiff filed his Complaint [1] on October 16, 2019, naming as Defendants Nurse Amanda Harris and Nurse Jacklyn Myers, in their individual capacities. On

November 4, 2019, Plaintiff filed a Motion to Amend Complaint [5] seeking to add Deputy Caldwell as a defendant. On November 13, 2019, the Court entered an Order [7] granting Plaintiff's Motion to Amend and ordering Plaintiff to file a written response by December 4, 2019, to specifically state how Deputy Caldwell violated Plaintiff's constitutional rights.

Plaintiff filed an Answer to Judge's Order [9] on December 2, 2019, and on December 3, 2019, Plaintiff filed an Amended Complaint naming Deputy Caldwell as a Defendant in his individual capacity only. Am. Compl. [10] at 4. Plaintiff asserts that he is "seeking damages under 42 U.S.C. §1983 alleging deliberant (sic) indifferences to my serious medical need and denial of medical care in violation of the Eighth Amendment to the United States Constitution. The Plaintiff also alleges the state torts of medical malpractice and negligence along with any due process violations." *Id.* at 3. Plaintiff's Amended Complaint describes his serious medical condition as severe chronic pain in his right hand. *Id.* at 5-6.

Deputy Caldwell is employed by the Jackson County Sheriff's Department to work at the Jackson County Adult Detention Center. *Id.* at 4. Plaintiff's allegation against Deputy Caldwell is that Deputy Caldwell handcuffed Plaintiff behind his back to take him to sick call, even though Plaintiff told Deputy Caldwell that it caused him pain to be handcuffed behind his back due to his serious medical condition. *Id.* at 8. Deputy Caldwell told Plaintiff it did not matter and to place his hands behind his back. *Id.* Plaintiff alleges that Deputy Caldwell was therefore deliberately indifferent to Plaintiff's "serious medical need." *Id.* Plaintiff is not

advancing an excessive force claim, having acknowledged in his Amended Complaint, "I never said Caldwell was forceful[,] all I said and told him that it hurts me to be handcuffed from the back double cuffed or not he still disregarded my medical condition." *Id.* at 14.

## DISCUSSION

A. Federal Rule of Civil Procedure 12(b)(6)

When considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To overcome a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations and footnote omitted).

B. Plaintiff's Fourteenth Amendment Deliberate Indifference Claim

Plaintiff does not allege that he was a convicted inmate at the time of the incident. Instead, Plaintiff asserts that he was a pretrial detainee. Am. Compl. [10]

at 3. The Fourteenth Amendment protects pretrial detainees from an officer's deliberate indifference to their serious medical needs. In *Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir.1996), the Fifth Circuit held (1) that the State owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human needs, including medical care and protection from harm, during their confinement; and (2) that a state jail official's liability for episodic acts or omissions cannot attach unless the official had subjective knowledge of a substantial risk of serious harm to a pretrial detainee but responded with deliberate indifference to that risk. *Id.*

Two requirements must be met before liability will arise for constitutional violations relating to conditions of confinement of the type Plaintiff alleges. First, the alleged deprivation must objectively be "sufficiently serious," which means that "the inmate must show that he is incarcerated under conditions posing a substantial risk of harm." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). To rise to the level of a constitutional violation, the conditions must be "so serious as to deprive [plaintiff] of the minimal measure of life's necessities." *Alexander v. Tippah Cty.*, 351 F.3d 626, 630 (5th Cir. 2003) (quoting *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995)).

Second, Plaintiff must show that a prison official was deliberately indifferent to inmate health or safety. *Farmer*, 511 U.S. at 847. A prison official cannot be held liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be

drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Southard v. Texas Bd. of Crim. Justice*, 114 F.3d 539, 551 (5th Cir. 1997) (internal citations omitted).

The conditions described by Plaintiff do not rise to a level of seriousness necessary to support a constitutional violation. *See Wesson v. Oglesby*, 910 F.2d 278, 284 (5th Cir.1990) (swollen, bleeding wrists from handcuffs that were too tight did not constitute serious medical need). Plaintiff has not alleged facts which if true would demonstrate that Deputy Caldwell knew of and disregarded an excessive risk to Plaintiff's health or safety. Because Plaintiff's Amended Complaint is devoid of sufficient factual allegations to support a plausible Eighth or Fourteenth Amendment claim, those claims against Deputy Caldwell should be dismissed pursuant to Rule 12(b)(6).

B. Plaintiff's State Law Claims

Plaintiff purports to assert "the state torts of medical malpractice and negligence along with any due process violations." Am. Compl. [10] at 3. It is not clear from the Amended Complaint whether Plaintiff is asserting state law claims against Deputy Caldwell. To the extent any state law claims may be asserted, the Mississippi Tort Claims Act (MTCA), Miss. Code Ann. § 11-46-1 et seq., provides the exclusive remedy against a governmental entity or its employee for the acts or

omissions giving rise to a claim. Miss. Code Ann. § 11-46-7(1); *City of Tupelo v. Martin*, 747 So.2d 822, 826 (Miss. 1999).

The MTCA contains a limited waiver of sovereign immunity for the State and its political subdivisions. Miss. Code Ann. § 11-46-5. Overriding this general waiver, section 11-46-9 preserves sovereign immunity for political subdivisions of the State and "and its employees acting within the course and scope of their employment or duties," making them exempt from liability for certain types of claims. Miss. Code Ann. § 11-46-9. Among those exemptions is section 11-46-9(1)(m), which preserves immunity from suits brought by plaintiffs who were inmates in a detention center when the cause of action arose. Miss. Code Ann. § 11-46-9(1)(m); *see Beltran v. Pearl River Cty. & David Allison*, No. 1:15CV127-HSO-JCG, 2015 WL 7454671, at *2 (S.D. Miss. Nov. 23, 2015).

Jackson County is a political subdivision of the State of Mississippi, and Deputy Caldwell was an employee of the County acting within the course and scope of his employment or duties when Plaintiff's claim arose. Therefore, Deputy Caldwell, as an employee of Jackson County, "cannot be liable for the misconduct alleged as a matter of law due to sovereign immunity." *Beltran,* 2015 WL 7454671 at *2. When a defendant cannot be liable for the misconduct alleged as a matter of law due to sovereign immunity, dismissal with prejudice pursuant to Rule 12(b)(6) is appropriate. *Id.* To the extent Plaintiff alleges state law claims against Deputy Caldwell, they should be dismissed with prejudice.

C. Failure to Prosecute

Plaintiff has not responded to the Motion to Dismiss the Amended Complaint, despite being ordered to do so. Based on Plaintiff's failure to respond, Plaintiff has abandoned all claims alleged against Deputy Caldwell in the Amended Complaint. *See Black v. North Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (finding, in a case in which the plaintiff had failed to defend her claims in response to the defendant's motion to dismiss, that the plaintiff's "failure to pursue [her] claim beyond her complaint constituted abandonment.").

The Court has the authority to dismiss an action for a litigant's failure to prosecute and obey Court orders under Federal Rule of Civil Procedure 41(b) and under its inherent authority to dismiss an action sua sponte. *See Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 630–31.

The Fifth Circuit has held:

> A dismissal with prejudice is an extreme sanction that deprives the litigant of an opportunity to pursue his claim.... Consequently, this Court has limited the district court's discretion in dismissing cases with prejudice. We will affirm dismissals with prejudice for failure to prosecute only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that

7

> proved to be futile.... Additionally, in most cases where this Court affirmed dismissals with prejudice, we found at least one of three aggravating factors: (1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.

*Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1192 (5th Cir. 1992).

Plaintiff did not respond to Deputy Caldwell's Motion to Dismiss. Plaintiff did not comply with the Court's Order to Show Cause [30] requiring him to respond to Deputy Caldwell's Motion to Dismiss. According to the docket, the envelope containing the Order to Show Cause [30] was mailed to Plaintiff's address of record and has not been returned by the postal service. Plaintiff has not contacted the Court about this case since December 19, 2019, when he was released from custody. Plaintiff has been warned repeatedly that failure to comply with any order of the Court or to prosecute his claims would result in the dismissal of his case. [3] [6] [7] [11] [20] [30]. It is apparent that Plaintiff is no longer interested in pursuing this case.

As the record demonstrates, there is a clear record of delay or contumacious conduct by Plaintiff. Lesser sanctions than dismissal have not prompted "diligent prosecution" but instead such efforts have proven futile. Plaintiff is proceeding pro se and thus the delay and contumacious conduct can only be attributed to him. For these reasons, dismissal with prejudice of all claims against Deputy Caldwell is warranted. *See Berry,* 975 F.2d at 1188. In sum, it is recommended that Deputy Caldwell's Motion to Dismiss be granted and all claims against Deputy Caldwell be dismissed with prejudice.

---

---

NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3)

After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED**, this the 10th day of July, 2020.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE