IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JESSE CARL TOOMER** | § | **PLAINTIFF** |
| | § | |
| v. | § | Civil No. 1:19cv741-HSO-JCG |
| | § | |
| **AMANDA HARRIS** *Nurse*, **JACKLYN MYERS** *Nurse*, and **STEPHEN L. CALDWELL** *Deputy* | § | **DEFENDANTS** |

### ORDER ADOPTING MAGISTRATE JUDGE'S [31] REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S CLAIMS AGAINST DEFENDANT STEPHEN L. CALDWELL WITH PREJUDICE

This matter comes before the Court on the Report and Recommendation [31] of United States Magistrate Judge John C. Gargiulo, entered in this case on July 10, 2020, and the Motion to Dismiss [23] by Defendant Stephen L. Caldwell ("Deputy Caldwell") filed on February 5, 2020.  Based upon the Magistrate Judge's review of the pleadings and relevant legal authority, he recommended that Deputy Caldwell's Motion [23] be granted and that Plaintiff Jesse Carl Toomer's claims against Deputy Caldwell be dismissed with prejudice.  R. & R. [31] at 8.  Plaintiff has not objected to the Report and Recommendation [31], and the time for doing so has passed.  *See* Fed. R. Civ. P. 72(b)(2); L.U. Civ. R. 72(a)(3).

The Court finds that the Report and Recommendation [31] should adopted in its entirety as the finding of this Court, that Deputy Caldwell's Motion to Dismiss [23] should be granted, and that Plaintiff's claims against Deputy Caldwell should be dismissed with prejudice.

I.  BACKGROUND

Plaintiff Jesse Carl Toomer ("Plaintiff" or "Toomer") filed a pro se Complaint [1] in this Court on October 16, 2019.  Plaintiff is proceeding *in forma pauperis*.  At the time he filed his Complaint, Plaintiff was a pretrial detainee in the Jackson County Adult Detention Center ("ADC").  The Complaint asserts claims pursuant to 42 U.S.C. § 1983 against two nurses at the ADC, namely Defendants Amanda Harris and Jacklyn Myers.  Compl. [1] at 1.

On November 4, 2019, Plaintiff filed a Motion [5] to Amend his Complaint, seeking to add Deputy Caldwell as a Defendant.  *See* Mot. [5] at 1.  The Magistrate Judge granted the Motion [5] to Amend and directed Plaintiff to file a written response to his Order [7] on or before December 4, 2019, specifically stating how Deputy Caldwell had violated his constitutional rights.  *See* Order [7] at 1.

On December 12, 2019, Plaintiff filed an Answer [9] as well as an Amended Complaint [10] naming Deputy Caldwell in his individual capacity only.  *See* Am. Compl. [10] at 4.  Plaintiff seeks damages under 42 U.S.C. § 1983 for Defendants' alleged deliberate indifference to his serious medical needs and for "denial of medical care in violation of the Eighth Amendment to the United States Constitution.  Plaintiff also alleges the state torts of medical malpractice and negligence along with any due process violations."  *Id.* at 3.

Plaintiff complains that he suffers from chronic pain in his hand.  *See id.* at 6.  Plaintiff alleges that sometime in or about October 2019, when Deputy Caldwell came to take Plaintiff to medical, he informed Deputy Caldwell that "it puts

Plaintiff in seriouse [sic] pain to be handcuffed from behind." *Id.* at 8. Deputy Caldwell allegedly responded that "it did not matter," and handcuffed Plaintiff's hands behind his back. *See id.* According to Plaintiff, Deputy Caldwell was not forceful with the handcuffing, *see id.* at 14, but he asserts that Deputy Caldwell was deliberately indifferent to his serious medical needs, *see id.* Plaintiff was released from incarceration on or about December 19, 2019, *see* Notice [18] at 1, and he filed a Notice [18] of change of address with the Court, providing a new free-world address, *id.*

On February 5, 2020, Deputy Caldwell filed a Motion to Dismiss [23] pursuant to Federal Rule of Civil Procedure 12(b)(6), seeking dismissal of Plaintiff's claims against him. Deputy Caldwell argues that Plaintiff has failed to state claim against him for any constitutional violation because the pleadings fail to demonstrate Plaintiff had a serious medical need or that Deputy Caldwell exhibited deliberate indifference to a serious medical need. *See* Mot. [23] at 3. To the extent Plaintiff seeks to advance state-law claims against Deputy Caldwell, he contends that such claims are barred by the sovereign immunity of Jackson County and its employees. *See id.*

Plaintiff did not respond to Deputy Caldwell's Motion to Dismiss [23], and on April 14, 2020, the Magistrate Judge entered an Order [30] requiring Plaintiff to file a response to Deputy Caldwell's Motion [23]. The Magistrate Judge warned Plaintiff that if he failed to timely respond to the Motion [23], the claims against Deputy Caldwell would be subject to dismissal for failure to prosecute and obey

orders of the Court.  *See* Order [30] at 1-2 (citing Fed. R. Civ. P. 41(b); *Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962)).  To date, Plaintiff has not responded to the Motion to Dismiss [23] or to the Magistrate Judge's Order [30].  Indeed, Plaintiff's last filing in this case was his Notice [18] of change of address dated December 19, 2019.  *See* Notice [18] at 1.

On July 10, 2020, the Magistrate Judge entered a Report and Recommendation [31], recommending that Deputy Caldwell's Motion to Dismiss [23] be granted and that Plaintiff's claims against Deputy Caldwell be dismissed with prejudice.  *See* R. & R. [31] at 8.  The Report and Recommendation [31] was mailed to Plaintiff on July 10, 2020, and the envelope containing the Report and Recommendation [31] has not been returned to the Court.

Any objection to the Magistrate Judge's Report and Recommendation [31] was due within fourteen (14) days of service.  L.U. Civ. R. 72(a)(3).  To date, Plaintiff has not filed any objection to the Magistrate Judge's Report and Recommendation [31], and the time for doing so has passed.

## II.  DISCUSSION

Where no party has objected to a magistrate judge's report and recommendation, a court need not conduct a de novo review of it.  28 U.S.C. § 636(b)(1) ("[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made").  In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review.  *United States v. Wilson*, 864

F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review, the Court concludes that the Magistrate Judge's findings are not clearly erroneous, nor are they an abuse of discretion or contrary to law. The Court will adopt the Magistrate Judge's Report and Recommendation [31] as the opinion of this Court. Deputy Caldwell's Motion to Dismiss [23] will be granted, and Plaintiff's claims against Deputy Caldwell be dismissed with prejudice.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [31] of United States Magistrate Judge John C. Gargiulo, entered in this case on July 10, 2020, is **ADOPTED** in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motion to Dismiss [23] filed by Defendant Stephen L. Caldwell is **GRANTED**, and Plaintiff Jesse Carl Toomer's claims against Defendant Stephen L. Caldwell are **DISMISSED WITH PREJUDICE**. Plaintiff's claims against the remaining Defendants will proceed at this time.

**SO ORDERED AND ADJUDGED**, this the 20th day of August, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE